UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
MICHAEL A. MIRANDO, : CASE NO. 1:13-CV-00233.
:
        Plaintiff, :
:
  v. : AMENDED OPINION & ORDER
: [Resolving Docs. 20, 21, and 24]
UNITED STATES OF AMERICA, :
:
        Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Mirando brought this action seeking a refund of taxes paid to the Internal Revenue Service ("IRS"). For the reasons that follow, the Court **GRANTS** Defendant's United States motion to amend their answer. The Court also **GRANTS** Defendant United States' motion for summary judgment and **DENIES** Plaintiff Mirando's motion for summary judgment.

## I. Background

On July 25, 2001 Plaintiff Mirando pled guilty to mail fraud, money laundering, and income tax evasion for the 1995 and 1996 tax years.[1] Mirando was incarcerated until July 2003.[2] Following Mirando's release, the IRS assessed tax, penalties, and interests with respect to Mirando's unpaid federal income taxes for the years 1995, 1996, 2000, and 2004.[3]

On May 22, 2007, Mirando paid $141,735.31 towards his 1995 federal income tax liability.[4]

---

[1] Doc. 21-12.
[2] Doc. 21-13 at 10.
[3] *Id.*
[4] Doc. 21-3.

Case No. 1:13-cv-00233
Gwin, J.

The same day Mirando also paid $155,566.12 towards his 1996 federal income tax liability.[5] On June 29, 2007, Mirando paid $57,732.48 towards his 2000 federal income tax liability.[6]

On July 18, 2007, the United States indicted Mirando for conspiracy to defraud the United States and tax evasion in connection to unpaid income tax assessments for 1995, 1996, 2000, and 2004.[7] On August 21, 2007, Mirando entered a plea agreement with the United States. With that agreement, Mirando pled guilty to all five counts in the indictment.[8] The plea agreement states that the parties:

> agree and stipulate that the following facts would have been established beyond a reasonable doubt at a trial in this matter: . . . after Mirando's release from the custody of the Bureau of Prisons, the IRS assessed tax, interest and penalties for Mirando's taxes due for the 1995 and 1996 tax years as well as for unpaid liabilities for the 2000 and 2004 tax years. As of June 29, 2007, the total tax liability, including interest and penalties, amounted to $448,776.13.[9]

On or about April 7, 2008, Mirando and his ex-wife, Sharon Smigel, filed an Amended U.S. Individual Income Tax Return, Form 1040X, for 1996, claiming an overpayment of $54,122.00.[10] The same day, Mirando and Smigel also filed an amended tax return for 2000, claiming an overpayment of $32,332.00.[11] On or about August 22, 2008, Mirando and Smigel filed an amended tax return for 1995, claiming an overpayment of $38,871.00.[12]

On October 7, 2008, the IRS disallowed Mirando and Smigel's claim for a $38,871.00 refund

---

[5] Doc. 21-4.
[6] Doc. 21-5.
[7] Doc. 21-14.
[8] Doc. 21-13.
[9] *Id.*
[10] Doc. 21-7.
[11] Doc. 21-8.
[12] Doc. 21-6.

-2-

Case No. 1:13-cv-00233
Gwin, J.

for the 1995 tax year.[13] On March 12, 2012, the IRS disallowed Mirando and Smigel's claim for a $54,122.00 refund for the 1996 tax year.[14] On August 1, 2011 the IRS disallowed Mirando's claim for a $32,332.00 refund for the 2000 tax year.[15]

On January 31, 2013, Plaintiff Mirando filed this action against the United States seeking a refund for the taxes he paid in 1995, 1996, and 2000.[16]

## II. Defendant United States' Motion to Amend Answer

Before turning to the Defendant United States' motion for summary judgment, the Court first decides whether the United States waived the affirmative defense of estoppel. Plaintiff Mirando says that the United States waived the affirmative defense of estoppel under Civil Rule 8(c).[17] Rule 8(c) requires a party responding to a pleading to "affirmatively state any avoidance or affirmative defense, including ... estoppel, ... [or] res judicata...."[18] The United States failed to raise the estoppel affirmative defense under Rule 8(c) by failing to raise the defense in its answer.[19]

However Rule 15(a)(2) of the Federal Rules of Civil Procedure allows a party to amend a complaint with "the court's leave" and directs the court to "freely give leave [to amend] when justice so requires."[20] Rule 15(a)(2) ensures that a case is tried on its merits "rather than [on] the technicalities of the pleadings."[21] The grant or denial of a request to amend a complaint is left to

---

[13] Doc. 21-9.
[14] Doc. 21-10.
[15] Doc. 21-11.
[16] Doc. 1.
[17] Doc. 23.
[18] Fed. R. Civ. P. 8
[19] *See* Doc. 9.
[20] Fed. R. Civ. P. 15(a)(2)
[21] *Munaco v. Bank of Am.*, 513 F. App'x 508, 513 (6th Cir. 2013).

-3-

Case No. 1:13-cv-00233
Gwin, J.

the broad discretion of the trial court.[22] A grant of leave to amend is appropriate, except for the reasons of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of amendment."[23]

On September 6, 2013, Defendant United States moved for leave to amend its answer to Plaintiff Mirando's complaint.[24] The United States sought an amendment to set out the collateral estoppel affirmative defense.[25]

At the June 14, 2013 case management conference, the United States said it would claim that collateral estoppel applied and stated its intent to defend based on this doctrine. Despite the United States' intent to defend on this doctrine, counsel mistakenly forgot to properly include the affirmative defense of collateral estoppel in its answer.[26] Because the United States sought leave to amend in a timely fashion and Plaintiff Mirando cannot show prejudice from the amendment, the Defendant United States' Motion for Leave to File Second Amended Complaint is **GRANTED.**

### III. Defendant United States' Motion for Summary Judgment

**A. Standard for Summary Judgment**

The Court next considers Defendant United States' motion for summary judgment. Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

---

[22] *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).
[23] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[24] Doc. 24.
[25] *Id.*
[26] *Id.*

-4-

Case No. 1:13-cv-00233
Gwin, J.

material fact and that the movant is entitled to judgment as a matter of law."[27] The moving party must demonstrate that there is an absence of a genuine dispute as to a material fact entitling it to judgment.[28] Once the moving party has done so, the non-moving party must set forth specific facts in the record—not its allegations or denials in pleadings—showing a triable issue.[29] The existence of some doubt as to the material facts is insufficient to defeat a motion for summary judgment.[30] But the Court will view the facts and all reasonable inferences from those facts in favor of the non-moving party.[31]

**B. Judicial Estoppel**

Defendant United States bases its Motion for Summary Judgment on judicial estoppel. The United States says that Plaintiff Mirando's 2007 criminal plea agreement has admissions that stop Mirando from disputing the amount of taxes owed for the years 1995, 1996, and 2000.[32] Judicial estoppel is an "equitable doctrine that preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment."[33] While there is "'no set formula for assessing when judicial estoppel should apply,' courts consider whether (1) a party's later position is clearly inconsistent with its earlier position; (2) the party has succeeded in persuading a court to accept that party's earlier position; and (3) the party advancing an

---

[27]*Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008).
[28]*See* Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
[29]*See* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[30]*Matsushita*, 575 U.S. at 586.
[31]*Thomas v. Cohen*, 453 F.3d 657, 600 (6th Cir. 2004).
[32]Doc. 26.
[33]*Teledyne Indus., Inc. v. N.L.R.B.*, 911 F.2d 1214, 1218 (6th Cir. 1990).

-5-

Case No. 1:13-cv-00233
Gwin, J.

inconsistent position would gain an unfair advantage if allowed to proceed with the argument."[34]

The Court finds judicial estoppel prevents Plaintiff Mirando from bringing his refund claim. First, Mirando's position that he is entitled to a refund for overpaid taxes for the years 1995, 1996, and 2000 is directly contrary to his plea agreement in his 2007 criminal case. Recall Mirando's 2007 plea agreement states that the parties:

> agree and stipulate that the following facts would have been established beyond a reasonable doubt at a trial in this matter: . . . after Mirando's release from the custody of the Bureau of Prisons, the IRS assessed tax, interest and penalties for Mirando's taxes due for the 1995 and 1996 tax years as well as for unpaid liabilities for the 2000 and 2004 tax years. As of June 29, 2007, the total tax liability, including interest and penalties, amounted to $448,776.13.[35]

Because Mirando initialed the page on which the total tax liability was determined and signed the entire document,[36] Mirando specifically agreed he owed $448,776.13. Mirando cannot now dispute these figures and demand a refund from the IRS after the court accepted his plea agreement.

Moreover if Mirando was allowed to proceed in this action, he would gain an unfair advantage. By pleading guilty to tax evasion and specifically agreeing to a total tax liability of $448,776.13, Mirando avoided the possibility of a longer sentence and the United States agreed not to prosecute Mirando's ex-wife or two children.[37] After obtaining this benefit from the United States, Mirando cannot turn around and sue the United States for a refund.

Plaintiff Mirando relies on *United States v. Hammon*[38] for its position that his refund

---

[34] *United States v. Hammon*, 277 F. App'x 560, 566 (6th Cir. 2008) (quoting *In re Commonwealth Institutional Sec.*, 394 F.3d 401, 406 (6th Cir.2005)).
[35] Doc. 21-13.
[36] *Id.*
[37] *Id.*
[38] *United States v. Hammon*, 277 F. App'x 560 (6th Cir. 2008).

Case No. 1:13-cv-00233
Gwin, J.

claim is not barred by estoppel. In *Hammon*, the Sixth Circuit held that the defendant was not collaterally or judicially estopped from denying the accuracy of the government's assessments despite pleading guilty to tax evasion and agreeing to pay $2.39 million in restitution. However, the present case can be distinguished from *Hammon*. In *Hammon*, the plea agreement only stipulated that the defendant willfully attempted to evade taxes assessed by the government in "the amount of *approximately* $ 2.39 million."[39] Since the plea agreement was ambiguous as to whether the defendant admitted that the $2.39 million assessment was correct, the defendant was not estopped from challenging the accuracy of the tax assessment. In contrast, Plaintiff Mirando specifically agreed in his 2007 plea agreement that "beyond a reasonable doubt ... [a]s of June 29, 2007, the total tax liability, including interest and penalties, amounted to $448,776.13."[40] Consequently, *Hammon* is not controlling, and judicial estoppel prevents Mirando from bringing his refund claim.

### V. Conclusion

For the reasons above, the Court **GRANTS** Defendant United States' motion to amend and **GRANTS** Defendant United States' motion for summary judgment. The Court **DISMISSES** this action. Therefore, the Court **DENIES** Plaintiff Mirando's motion for summary judgment.

IT IS SO ORDERED

Dated: October 8, 2013                          s/      *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[39] *Id.* at 565-66 (emphasis added)
[40] Doc. 21-13.